```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
IVAN FERNANDO ORTEGA,                    NOT FOR PUBLICATION

                Plaintiff,               MEMORANDUM & ORDER
                                         18-CV-5995 (KAM)(RER)
    -against-

SAMARITAN VILLAGE MYRTLE AVE.
MEN'S SHELTER; DIRECTOR MISS
ANA MARIE JOHNSON; NYC HOMELESS
DIVISION SERVICES; and THE CITY
OF NEW YORK,

                Defendants.
---------------------------------X
```
KIYO A. MATSUMOTO, United States District Judge:

      *Pro se* plaintiff Ivan Fernando Ortega filed the above-captioned complaint on October 10, 2018 in the United States District Court for the Southern District of New York. (ECF No. 2, Complaint ("Compl.").) Ortega's action was transferred to this Court on October 26, 2018. (ECF No. 5.) By Memorandum and Order entered March 4, 2020, the Court dismissed the complaint, with leave to file an amended complaint within 30 days. (ECF No. 22.) On April 3, 2020, plaintiff filed a 219-page submission captioned "Amended Complaint Respectfully for Extension of Time." (ECF No. 23, Amended Complaint ("Amend. Compl.").) Having considered the April 3, 2020 submission, the court dismisses plaintiff's complaint because the new submission fails to cure the deficiencies of the original complaint.

**BACKGROUND**

Plaintiff's original complaint contained a series of allegations related to plaintiff's experience in several homeless shelters operated by the New York City Department of Homeless Services. (Compl. at 5-6.) Plaintiff requested a placement in a specific shelter, described multiple assaults he had suffered and loss of personal property, and included vague allegations of mistreatment by shelter staff, including the only named individual defendant, Ana Marie Johnson. (*Id.*) He also alleged that he was denied the opportunity to complete his college education, sought disability payments from the Social Security Administration, and complained that his publicly funded health insurance was not covering the specific medication he wanted. (*Id.* at 11-12.)

By Memorandum and Order entered March 4, 2020, the Court dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to file an amended complaint within 30 days. *Ortega v. Samaritan Vill. Myrtle Ave. Men's Shelter*, No. 18-cv-5995 (KAM)(RER), 2020 WL 1043305 (E.D.N.Y. Mar. 4, 2020). The Court found that the original complaint failed to state a claim under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, or the Fair Housing Act ("FHA') and the Fair Housing Amendments Act, 42 U.S.C. § 3601, *et seq.* (*Id.* at *5.)

Plaintiff also filed a separate action that was also transferred to this Court, *Ortega v. New York State Office of Temp. Disability Assistance*, No. 18-cv-7293(KAM)(RER), in which he described his efforts to get additional payments from the Social Security Administration and to have his preferred medication covered by his Medicare Managed Care Plan. By Order entered April 21, 2020, the Court dismissed these claims under the Eleventh Amendment and for lack of subject matter jurisdiction. *Ortega*, 2020 WL 1929067, at *3 (E.D.N.Y. Apr. 21, 2020).

On April 3, 2020, plaintiff filed a 219-page submission in the instant action captioned "Amended Complaint Respectfully for Extension of Time." (*See* Amend. Compl. at 1.) By Order dated April 21, 2020 and again on May 14, 2020, the Court granted plaintiff additional time to file a second amended complaint that conforms with the dictates of Rule 8 of the Federal Rules of Civil Procedure. (ECF No. 24; ECF Entry May 14, 2020.) To date, plaintiff has not filed a new amended complaint. His most recent submission, received on August 7, 2020, requests a "Fully Favorable Decision" granting "$200.000" [*sic*]; "LEVITRA 20mg, and/or CIALIS 20mg"; and disability payments from the Social Security Administration. (ECF No. 26, Letter from Ivan Fernando Ortega.) He also attaches recent medical records. (*Id.*) In the absence of any new filing, the

3

Court considers the April 3, 2020 submission to be plaintiff's operative Amended Complaint.

The Amended Complaint includes multiple typed and hand-written letters and affidavits addressed to this Court, interspersed with copies of documents related to plaintiff's medical treatments, housing assistance, Social Security Administration benefits, and police reports and criminal proceedings related to assaults he suffered. (*See generally* Amend. Compl.) Plaintiff names the same defendants who were named in the original complaint and dismissed in the Court's March 3, 2020 Order. (Amend. Compl. at 1.) The claims and documents in the Amended Complaint generally fall into five categories: housing, public benefits, medical care, assaults, and education.

1) **Housing:** Plaintiff describes the loss of his Section 8 housing vouchers and recent shelter placements and renews his request to be placed in the "Skyway" program, which he believes is better suited to manage his disabilities. (Amend. Compl. at 8-10, 12, 28, 31, 32-46, 176-194.) He includes a December 24, 2018 "Decision After Fair Hearing" from the New York State Office of Temporary and Disability Assistance, denying his request for a specific shelter placement. (*Id.* at 21-27.) Plaintiff alleges that he suffered from "corruption, discrimination, retaliation,

4

racial hate and conspiracy" and that shelter employees and Director Ana Marie Johnson "treated [him] discriminatory and treatment as a Mental Illness person," but plaintiff does not describe any specific incident of discrimination. (*Id.* at 1, 8-9.)

2) **Public Benefits**:  Plaintiff claims that he was found to be "100% total disabled." (*Id.* at 9, 10, 89, 138-39.)  He states: "Petitioner is attaching enough but not all the pieces of evidences from specialists doctors, institutions such as FEDCAP, NYS Temporary and Disability Assistance Judges and Commissioners, NYS Workers Compensation Board judge, and Social Security Administration judges saying that Petitioner is disabled." (*Id.* at 196).  Plaintiff attaches medical records indicating extensive medical conditions and the advice of medical professionals, but no finding of disability by any local or federal government agency.  Plaintiff also attaches notices from the Social Security Administration ("SSA") indicating that he had received Social Security Income payments in the past. (*Id.* at 149 (discontinuing payments in 2012, because plaintiff's then spouse "earne[d] too much money"); *Id.* at 152-165 (determining that plaintiff was not entitled to a refund of prior Social Security Income payments in 2018, because those payments were less than the amount of interim

5

assistance he had already received from January to November 2016).) In his most recent decision from the SSA, plaintiff was notified on January 13, 2020 that he did not qualify for disability benefits because he did not have enough work history to be eligible. (*Id.* at 145-47.) The SSA stated that it did not consider whether he was disabled under agency rules. (*Id.* at 145.)

Plaintiff also attaches a November 6, 2019 "Decision after Fair Hearing" from the New York State Office of Temporary and Disability Assistance, directing the New York City Department of Social Services to recompute plaintiff's entitlement to Public Assistance benefits and to restore such benefits retroactive to July 29, 2019. (*Id.* at 168-170.)

3) **Medical Care**: Plaintiff also attaches extensive medical records, including: treatment records describing plaintiff's injuries from a physical assault; treatment records noting plaintiff's history of seizures and chronic neck and back pain; and recommendations from his doctors that he should receive Cialis to treat his problems with urination. (*Id.* at 11, 58-66, 88, 92-96, 121-137, 198-218.) Plaintiff notes that his health insurance provider refused to authorize the medication because it is a "plan exclusion drug." (*Id.* at 197, 211-18.)

6

4) **Assaults**: Plaintiff also references two serious assaults in which he was the victim, on September 16, 2017 and October 27, 2019, and provides documents related to his medical treatment and the criminal complaints and prosecutions of the perpetrators. (*Id.* at 29-30, 47-57, 71-89, 97-98.) Plaintiff includes documents from a personal injury claim he filed with the New York City Comptroller's Office, in which he sought $200,000 in compensation for his injuries related to the assaults. (*Id.* at 3, 14-20, 31.) He asserts a "Cause of Action 440 Nature Civil Case" for a "fully favorable decision" in this claim filed in New York City. (*Id.* at 3.)

5) **Education**: Plaintiff also includes documents showing his early success in programs at LaGuardia Community College and John Jay College of Criminal Justice, but he claims that he was not allowed to sit for an exam that he believed was scheduled on December 24, and challenges grades he received. (*Id.* at 6, 99, 101-120.)

Plaintiff's amended complaint attempts to assert a constitutional claim and several claims under different federal statutes. (*Id.* at 2.) Plaintiff requests that the "award granted would be in a 'spidate[1] time'" (*id.* at 4), but it is

---

[1] Plaintiff perhaps meant to say "expedited."

7

("Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage"), and makes the following findings:

Plaintiff's submission does not conform to Rule 8 and fails to cure the deficiencies of his original complaint. Plaintiff renews his claims related to housing, criminal activity directed against him, and his alleged disabilities, but fails to assert facts in support of claims under FHA, Section 1983, or the ADA. As to plaintiff's Section 1983 claim, he has not alleged that any state actor violated his constitutional rights. As the Court previously explained, plaintiff does not have a constitutional right to a particular housing assignment. (*See* ECF No. 22 at 8-14 (citing *Jenkins v. New York City Dep't of Homeless Servs.*, 643 F. Supp. 2d 507, 512-514 (S.D.N.Y. 2009) (finding homeless citizen who sought placement in general shelter population because he disavowed his mental health diagnosis failed to state a due process claim because a homeless person does not have a liberty or property right to placement in a particular type of shelter).) Furthermore, the physical injuries plaintiff suffered were inflicted by private individuals, not state actors. *See Reaves v. Dep't of Veterans Affairs*, No. 08-cv-1624 (RJD), 2009 WL 35074, at *3 (E.D.N.Y. Jan. 6, 2009), as corrected {Jan. 14, 2009) (finding the

9

provision of homeless services by a private organization, even under contract with the state or where subject to governmental regulation, does not turn the private organization or its employees into state actors). As the Court previously explained, the Fourteenth Amendment does not require a state to "protect the life, liberty, and property of its citizens against invasion by private actors." (*See* ECF No. 22 at 12-13 (citing *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 195 (1989).) Thus, for substantially the reasons explained in this Court's March 4, 2020 Memorandum and Order, plaintiff has not stated a claim for violation of his constitutional rights under 42 U.S.C. § 1983. Moreover, based on the facts alleged in plaintiff's amended complaint, this court does not have subject matter jurisdiction over the civil claim plaintiff filed with the New York City Comptroller's Office. *See Xuejie He v. Office of New York City Comptroller*, No. 18-cv-7806 (LLS), 2019 WL 1620691, at *1 (S.D.N.Y. Apr. 16, 2019) (dismissing suit against the New York City Comptroller's Office after finding a lack of subject matter under 28 U.S.C. § 1332).

Plaintiff alleges that he is "100% disabled"[3] and complains about his housing placement. (Amend. Compl. at 3.)

---

[3] Plaintiff has attempted to show that he suffers from a disability, by describing himself as "100% disabled," and attaching medical records and statements from his doctors. Plaintiff has not established, however, that he suffers from a disability as defined by the ADA or the FHA.

These allegations are insufficient to state claims under the ADA or the FHA, because plaintiff has not shown that he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, *see* 42 U.S.C. § 12132 (describing the provisions of the ADA), or that that the New York City Department of Homeless Services discriminated against him or failed to accommodate an alleged disability, *see* 42 U.S.C. § 3604(f)(3)(B) (describing disability discrimination under the FHA). Plaintiff asserts that only the "Skyway" shelter is an appropriate placement to manage his alleged disabilities, but he has not shown that his current housing has failed to accommodate his disabilities or denied him any services because of his disability. Accordingly, plaintiff has failed to state a claim under the ADA or the FHA.

To the extent that plaintiff now asserts claims related to Medicaid coverage of his preferred medication and payments from the Social Security Administration, the Court previously considered and dismissed these claims in his prior case. *See Ortega*, 2020 WL 1929067, at *3 (dismissing claim barred by the Eleventh Amendment and for lack of subject matter jurisdiction). Although plaintiff appears to have sought additional relief from the SSA and the New York State Office of Temporary and Disability Assistance since the events described in his previous case, he has not sought review of a final

11

decision of the SSA under 42 U.S.C. § 405(g) (permitting district court review of "any final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was a party") or 42 U.S.C. § 1383(c)(1)(a) and (c)(3) (providing for judicial review of such "final determination[s] of the Commissioner of Social Security after a hearing"). Accordingly, this Court cannot review claims related to the administration of plaintiff's social security benefits before plaintiff exhausts his remedies. *See Weinberger v. Salfi*, 422 U.S. 749, 765 (1975) ("Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review."); *Matthews v. Chater*, 891 F. Supp. 186, 188 (S.D.N.Y. 1995) ("It is well settled that . . . judicial review of Social Security benefit determinations is limited to 'final' decisions of the Commissioner made after a hearing, that available administrative procedures must be exhausted and that a final decision is a prerequisite for subject matter jurisdiction in the District Court."). Without a final agency decision, this Court does not have jurisdiction to review plaintiff's claims regarding his Social Security benefits at this time.

Plaintiff also renews his claim related to his college education, but he does not assert any basis for this Court's subject matter jurisdiction over this claim. "[I]t is well-settled that access to [higher] education is not a constitutional or fundamental right." *Press v. State Univ. of New York at Stony Brook*, 388 F. Supp. 2d 127, 134 (E.D.N.Y. 2005) (citing *Catlin v. Sobol,* 93 F.3d 1112, 1120 (2d Cir. 1996) (applying rational basis review to case involving right to public education).)  Given the lack of facts asserted to satisfy subject matter jurisdiction, this Court does not have jurisdiction to review plaintiff's claims relating to his college education.

**CONCLUSION**

For the reasons set forth above, plaintiff's Amended Complaint fails to cure the deficiencies in the original complaint.  Accordingly, plaintiff's action is dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to enter judgment and mail a copy of the judgment and this Memorandum and Order to the *pro se* plaintiff and note service on the docket.  The Clerk of Court is also respectfully requested to close this case.

SO ORDERED.

/s/
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

Dated: November 23, 2020
       Brooklyn, New York